**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| International Sourcing<br>& Marketing | : | |
| | : | C.A.NO.: 06-74ML |
| v. | : | |
| Red Board, Ltd.<br>Sametime Holdings, Ltd. | : | |

**PLAINTIFF'S MOTION TO ESTABLISH GOOD CAUSE**

Now comes Plaintiff and hereby moves this Honorable Court to Grant its Motion to Establish Good Cause.

In support of its Motion, Plaintiff incorporates the Memorandum of Law and Exhibits appended hereto.

Plaintiff,
International Sourcing &
Marketing
By Its Attorneys,

SAMMARTINO & BERG LLP

Catherine A. Sammartino, Esquire
R.I. Bar No. 4762
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-0113
(401) 274-0175

Marta E. Garrett, Esquire
R.I. Bar No. 7130
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-0113
(401) 274-0174

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| International Sourcing & Marketing | : | |
| | : | C.A.NO.: 06-74ML |
| v. | : | |
| | : | |
| Red Board, Ltd. Sametime Holdings, Ltd. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ESTABLISH GOOD CAUSE**

## I. INTRODUCTION

Plaintiff in this matter is a Rhode Island corporation, with its principal place of business in East Providence, Rhode Island.

Defendants are both foreign corporations. Red Board. Ltd. is a Hong Kong, S.A.R. corporation with manufacturing facilities located in mainland China. Sametime Holdings, Ltd., the parent company of Red Board, Ltd., is a Bermuda holding corporation. Sametime's principal place of business is located in Hong Kong, S.A.R.

Until December 2005, the litigants were parties to a contract concerning the manufacture and international marketing and sales of printed circuit boards. A dispute arose between the parties, and plaintiff filed a Demand for Arbitration in December 2005 pursuant to the terms of the contract.

Concomitantly, Defendants filed a Petition to Stay the Arbitration in the Supreme Court of the State of New York. That matter has recently been briefed, argued and on May 26, 2006, a justice of the Supreme Court of the State of New York issued her decision denying Defendants' Petition. (Exhibit A). Although Defendants have appealed that decision, the parties have agreed to have their dispute mediated in New York City on July 12 and 13, 2006.

On February 15, 2006, in an abundance of caution, counsel for plaintiff filed a complaint in the United States District Court for the District of Rhode Island out of concern that the New York Supreme Court would grant Defendants' Petition to Stay the Arbitration. Counsel's intent was to preserve its client's rights to litigate in this Honorable forum, if necessary.

On June 22, 2006, Plaintiff's counsel received notice from this Honorable Court that this matter has been pending for at least 120 days without an answer having been filed (Exhibit B). As such, Plaintiff's counsel now comes to show good cause why the case should not be dismissed as to the above named Defendants.

## II. ARGUMENT

Plaintiff's counsel has been ordered by this Honorable Court to show good cause why its Complaint should not be dismissed for lack of prosecution.

It is well settled in this jurisdiction that what constitutes good cause is left to the substantial discretion of the district judge. Brenner v. City of Woonsocket, 1993 U.S. Dist. LEXIS 16764; 26 Fed. R. Serv. 3d (Callaghan) 686; See United States v. Ayer, 857 F.2d 881 [12 Fed. R. Serv. 3d (Callaghan) 612] (1st Cir. 1988).

Such a determination, by its nature, is fact-specific. Id.

While not readily apparent from the caption of this matter, Defendants are foreign corporations. This being stated, F.R.C.P. 4(m) provides, in pertinent part, as follows:

> **Time Limit for Service:** If service of the summons and Complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country to subdivision (f) or (j)(1).

In construing the above-cited rule, this Honorable Court need not engage in creative interpretation of the above-cited statute. Every issue of statutory construction begins, and often ends, with the language of the statute itself, North Haven Board of Education v. Bell, 456 U.S. 512, 520, 72 L.Ed. 2d 299, 102 S. Ct. 1912 (1982). As such, construction of a rule of procedure must start with the verbiage of the rule.

The language of F.R.C.P. 4(m) provides that the 120-day time frame for service of process of a defendant or defendants does not apply to service in a foreign country. There is nothing uncertain or amphibolous in the plain wording of the rule. When the language of a statute, ordinance, or rule is clear and unambiguous, courts may not interpose their own notions of the underlying intent. See, e.g. Yates v. United States, 354 U.S. 298, 305, 1 L.Ed. 2d 1356, 77 C. Ct. 1064 (1957) (where no ambiguity in words of statute, no room for judicial construction); Browder v. United States, 312 U.S. 335, 3388, 85 L. Ed. 862, 61 S. Ct. 599 (1941);

(no single argument has more weight in statutory interpretation than the plain meaning of the words of a statute). Where the call of the framers is muted or uncertain, judges must interpret, and in interpreting, judges must often create. But where, as here, the call is clear and undistorted, the effort to rewrite a statute or rule invades territory forbidden to the courts.

In addition to the good cause to allow service beyond 120 days that eminates from the rule itself, Plaintiff respectfully requests that this Honorable Court consider the potential difficulties involved in serving defendants located in the Far East including, but not limited to such factors as distance, language and cost. The Hague Convention prescribes the method and means for effecting service of process via a "Central Authority" within Hong Kong, S.A.R. While some countries allow service of process to be effected via international registered mail, Hong Kong, S.A.R. does not allow such service. Rather, personal service must be effected upon the agent for service of process for each of the Defendants. Authorities associated with the Hong Kong Central Authority advise that service may take up to four months, but, on average, takes two months. Thus, Plaintiff respectfully requests that this Honorable Court consider the length of time that it may take to actually serve the agents in Hong Kong and allow additional time for this reason.

Pursuant to the terms of their contract, and in an effort to resolve this matter in a timely and cost-efficient manner, the parties are preparing for mediation in mid July. If the mediation fails, the parties will engage in arbitration in early 2007.

However, as mentioned above, plaintiff's counsel wishes to protect her client's rights to litigate, if such a need arises, in this Honorable forum.

As such, plaintiff's counsel prays that this Honorable Court grant this motion and allow an additional 120 days to serve these Defendants.

Plaintiff,
International Sourcing & Marketing,
By Its Attorneys,

SAMMARTINO & BERG, LLP

Catherine A. Sammartino, Esquire
R.I. Bar No. 4762
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-0113
(401) 274-0175

Marta E. Garrett, Esquire
R.I. Bar No. 7130
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-0113
(401) 274-0175